KLEINFELD, Circuit Judge,
dissenting:
I respectfully dissent.
Though the California Uniform Fraudulent Transfer Act does not expressly provide for attorney's fees awards, neither does it expressly disallow them. It says, a creditor may obtain any type of "relief the circumstances may require" subject to "applicable principles of equity and in accordance with applicable rules of civil procedure." [1]
Here, as a matter of equity, National Union is entitled to recover reasonable attorney's fees in the fraudulent conveyance case. The only reason National Union had to pursue the fraudulent conveyance action was to enforce the judgment in the bond case. After receiving a judgment against the Garbers in the bond case, National Union conducted a debtor's examination and discovered fraudulent transfers made by the Garbers. The fraudulent conveyance action was itself a procedure to enforce the judgment on the bond, and attorney's fees are expressly awardable for "enforcing a judgment" on a bond. In order to enforce the bond case judgment, National Union had to file the instant fraudulent transfer action. Therefore, the bond case and fraudulent transfer case are inextricably intertwined, and equity demands that National Union have the opportunity to seek attorney's fees in the fraudulent transfer action. Though a fortune has been spent on attorney's fees since the bond judgment, the Garbers should be held responsible for this expenditure to the extent that the fees are reasonable, because their refusal to pay what they owed and their fraudulent scheme to evade payment necessitated the expenditure.

. Cal. Civ.Code § 3439.07(a)(3)(C).